## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON LEE TYLER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-20-2114 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

### MEMORANDUM OPINION AND ORDER

Texas inmate Preston Lee Tyler, proceeding through retained counsel, filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Respondent Bobby Lumpkin has filed a motion to dismiss (Docket Entry No. 8), to which Tyler filed a response (Docket Entry No. 10). After reviewing the pleadings, all matters of record, and the applicable law, the Court concludes that this case must be dismissed for the reasons set forth below.

### *Background and Claims*

The State of Texas charged Tyler by indictment for the first-degree felony offense of aggravated assault of a public servant. The indictment also charged enhancement paragraphs regarding Tyler's previous felony convictions for (1) evading arrest or detention with a motor vehicle and (2) manufacturing or delivering a controlled substance. Pursuant to a plea agreement, Tyler pleaded guilty as charged on February 12, 2019, in the 435th District Court of Montgomery County, Texas. Tyler received a sentence of 25 years' incarceration in Texas Department of Criminal Justice.

Tyler did not file an appeal from his conviction and sentence. On October 30, 2019, Tyler filed a *pro se* application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure 11.07. Tyler filed an amended habeas application through retained counsel on February 18, 2020. Tyler's state habeas application raised the same issues he has pleaded in his federal habeas petition.

On March 4, 2019, the Texas Court of Criminal Appeals dismissed Tyler's habeas application for noncompliance with Texas Rules of Appellate Procedure 73.1 which sets out filing requirements for a habeas application. On March 9, 2020, Tyler filed a motion for reconsideration in the Texas Court of Criminal Appeals challenging the dismissal of his habeas action under Rule 73.1. The Texas Court of Criminal Appeals has not yet ruled on Tyler's motion for reconsideration.

On June 16, 2020, Tyler filed his federal petition for a writ of habeas corpus through counsel. Respondent moves to dismiss the case for Tyler's failure to exhaust state court remedies.

*Analysis*

Respondent moves for dismissal of this habeas action because Tyler has not exhausted his state court remedies. Respondent argues that, because Tyler did not comply with Texas' filing requirements, his state habeas application was insufficient to place his claims before the state court. Tyler responds that the state court incorrectly applied the law. Alternatively, Tyler expresses concern that dismissal would place him in

a position where AEDPA's limitations period would preclude federal review in the future. The Court will dismiss Tyler's petition for the reasons that follow.

*Exhaustion of Remedies*

Under AEDPA, "[a]n application for a writ of habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. 2254(b)(1)(A). The exhaustion of remedies is a threshold issue in a federal habeas case. *See* Rules Governing § 2254 Cases, Rule 4. A court may dismiss a petition for lack of exhaustion *sua sponte* or pursuant to the respondent's motion to dismiss. *See Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997); *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984).

AEDPA enforces a "'total exhaustion' requirement as prerequisite for a district court to grant a petition." *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005). A habeas petitioner "must have fairly presented the substance of his claim to the state courts." *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016) (internal citation and quotation marks omitted). A petitioner "must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004). This means that a petitioner must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Tyler raised his federal claims in the application which the Texas Court of Criminal Appeals dismissed under Rule 73.1. An improperly filed state habeas application, such as one found not to be compliant under Rule 73.1, is insufficient to exhaust an inmate's state court remedies. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989) (finding that, when a claim is presented "in a procedural context in which its merits will not be considered," the claim is not fairly presented for exhaustion purposes). The Fifth Circuit has "specifically recognized that compliance with the requirements of Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims." *North v. Davis*, 800 F. App'x 211, 214 (5th Cir. 2020) (quotation omitted). The Court, therefore, finds that Tyler has not exhausted his federal claims.

Tyler objects to the dismissal of his action on two grounds. First, Tyler argues that the Texas Court of Criminal Appeals erred in its application of state procedural law. This Court's consideration of that question, to the extent that a federal court can assess whether a state court has applied its own law correctly,[1] is premature while Tyler's motion for reconsideration remains pending. Second, Tyler contends that the application of Rule 73.1 is not an adequate basis to bar federal consideration of his claims. Questions about the adequacy and independence of a state procedural rule are relevant when

---

[1] When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007). Federal habeas courts should not re-examine state court determinations of state law questions. *See Rowell v. Dretke*, 398 F.3d 370, 375 (5th Cir. 2005).

considering whether an inmate's claims are procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729, (1991). Respondent has not asked the Court to apply the federal procedural bar doctrine. Instead, Respondent relies on AEDPA's statutory requirement that an inmate exhaust state court remedies.

The Court finds that Tyler has not exhausted his federal habeas claims. Tyler's federal petition is subject to dismissal for non-compliance with AEDPA's exhaustion requirements.

*AEDPA's Limitations Period*

Alternatively, Tyler asks this Court to stay his federal habeas petition so that he can file another state habeas application, separate from the action still pending in the Texas Court of Criminal Appeals. Tyler expresses concern that, should this Court dismiss his federal petition, AEDPA's limitations period would prevent him from returning to federal court. AEDPA requires that a federal habeas application be filed within one-year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(a). The circumstances of this case suggest that Tyler is rightly concerned about AEDPA's limitations period.

The trial court entered judgment on February 12, 2019. Tyler did not file an appeal and his time to do so expired thirty days later, on March 14, 2019. Tex. R. App. P. 26.2(a)(1). AEDPA's limitations period gave Tyler one year from that date to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A); *see also*

*Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2011) (finding that the limitations period begins to run after the thirty days an inmate has to pursue direct review of his sentence).

Tyler filed the instant petition on June 16, 2020. (Docket Entry No. 1). Tyler's petition is untimely unless he can demonstrate tolling of the limitations period. AEDPA provides statutory tolling of the limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review . . . ." 28 U.S.C. § 2244(d)(2). The Fifth Circuit, however, has held that an application that does not comply with Rule 73.1 was not properly filed and does not toll AEDPA's limitations period. *See North*, 800 F. App'x at 213–14; *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2017); *Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009). As it now stands, Tyler's state habeas application does not provide a basis for statutory tolling of the limitations period, potentially rendering his federal petition untimely.

With that background, Tyler "requests that the court enter an order that allows him to file a successive writ in Texas state court and abate this § 2254 matter until the state court's resolution of the successive writ as to preserve the federal statute of limitations." (Docket Entry No. 10 at 6). The Court will not stay this case for two reasons. First, the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), authorized a district court to "stay a mixed petition [containing both exhausted and unexhausted claims] to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court." *Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007). Under *Rhines*, however, a stay is available "only in limited

6

circumstances" where (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner has not engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277. Tyler has not made any effort to show that he meets the *Rhines* requirements.

Second, an inmate cannot salvage his time to file a federal habeas petition by submitting a successive state habeas application after the limitations period has run. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that an application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). As it now stands, it appears that Tyler's on-going habeas action will not toll the limitations period unless the Texas Court of Criminal Appeals grants his motion for rehearing. Filing a new habeas action would not cure the defects caused because his first habeas application did not comply with Rule 73.1.

While Tyler's federal habeas petition appears untimely, the application of AEDPA's limitations period will not be clear until the resolution of his motion for reconsideration. Given the pendency of the motion for reconsideration, the question of whether Tyler has filed his federal petition in a timely manner is not ripe. The Court will not stay this case.

### *Certificate Of Appealability*

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") when entering a final order that is

7

adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted).

Having considered the instant petition, and in light of AEDPA's standards and controlling precedent, this Court determines that a COA should not issue.

## *Conclusion*

For the reasons shown above, the Court GRANTS respondent's motion to dismiss (Docket Entry No. 8) and DISMISSES this case WITHOUT PREJUDICE. The Court will not certify any issue for appellate review.

Signed at Houston, Texas, on March 19, 2021.

_____
Gray H. Miller
Senior United States District Judge

8